IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FREDDIE COOK, et al.,** | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: PJM 06-803 |
| **UBS FINANCIAL SERVICES, INC.,** | * | |
| Defendant. | * | |

******

## MEMORANDUM OPINION

Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has received Plaintiffs' First Motion to Compel Discovery ("Plaintiffs' Motion") (Docket Item No. 55). Plaintiff has also filed a supplement to Plaintiffs' Motion, withdrawing certain aspects of such pursuant to their decision to no longer seek class-wide discovery ("Plaintiffs' Supplement") (Docket Item No. 79). The Court has reviewed these and other relevant documents. At this time, no hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the following reasons, the Court hereby DISMISSES WITHOUT PREJUDICE Plaintiffs' Motion.

A large portion of the introduction and argument in Plaintiffs' Motion addresses Plaintiffs' need for certain discovery related to class certification. The issue is pervasive throughout Plaintiffs' Motion. Plaintiffs' Supplement attempts to amend Plaintiffs' Motion by specifying (1) those requests for production of documents that are no longer relevant in their entirety, and (2) those requests that Plaintiffs maintain, either in their entirety or in some

amended fashion.  The Court finds the latter requests, for which Plaintiffs argue to be maintained in some amended form, to be problematic.

For example, with respect to Plaintiffs' First Request for Production of Documents, Request No. 1, Plaintiffs' Supplement states that "Plaintiffs maintain their motion to the extent that it seeks transactional as opposed to year end snapshot information . . . and to the extent that it seeks additional categories of information."  Plaintiffs' argument on those issues still includes contentions interwoven with the class certification issue.  Some of the arguments are meant to address Defendant's objections to the overly burdensome nature of the discovery as requested on a national basis, which clearly relates to the issue of class certification.  Other similar argument and discussion is evident throughout Plaintiffs' Motion and, in addition to making an unclear read for the Court, it does not permit the Court to fairly rule on the topic.  Plaintiffs' Supplement simply does not sufficiently amend Plaintiffs' Motion for proper ruling by this Court.

Further, because  Plaintiffs' Motion overwhelmingly addresses the class certification issue, a great deal of Defendant's Memorandum in Opposition to Plaintiffs' First Motion to Compel Discovery ("Defendant's Opposition") (Docket Item No. 57) is dedicated to the same issue.  Plaintiffs assert that Defendant's objections should be rejected as mere attempts "to limit the class in the guise of its discovery objections."  Plaintiffs add that Defendant "has adopted the tactic of using general discovery objections to significantly narrow the scope of proposed Class as defined in Plaintiffs' Complaint."  Accordingly, Defendant's Opposition dedicates at least eight of the first eleven pages to a discussion relating to class.  The class issue pervades the remainder of Defendant's Opposition.  To rule on Plaintiffs' Motion now, without permitting Defendant sufficient time to reorient its arguments to address Plaintiffs' amended position, is not

in the interest of justice.  Further, if Defendant was in fact simply employing "tactics" to narrow the scope of the proposed class, then Plaintiffs' withdrawal of the class allegation may encourage more discovery to be produced.  In essence, the Court is in need of a better elaboration of Plaintiffs' current position, as well as Defendant's response, if any, to such position.  Likewise, due to the passage of time since filing of Plaintiffs' Motion and the change in direction of this case, it is worthwhile for the parties to engage in another discovery conference pursuant to Local Rule 104.8 (D. Md.) in attempt to resolve outstanding issues, and the Court therefore orders such.

      The Court will not engage in the detailed, exhaustive, and inefficient act of parsing the parties' filings and interpreting what either party would have intended to argue absent the overbearing class issue.  In addition to being a poor use of this Court's limited resources, it calls for speculation by the Court, which is not fair to Plaintiffs or Defendant.  Thus, the Court DISMISSES Plaintiffs' Motion, WITHOUT PREJUDICE to file an amended motion that captures Plaintiffs' present concerns regarding Defendant's production of discovery.  The Court is aware of the scheduling deadlines in this case and will entertain any reasonable request by the parties to extend the discovery deadline.

        /s/
Charles B. Day
United States Magistrate Judge
May 29, 2007